UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-22882 CIVIL- HON. ALTONAGA/O'Sullivan

DEBRA GRIMALDO,

    Plaintiff

v.

CARNIVAL CORPORATION,
DR. SERGEY DAVYDENKOV, DR. GEORGE NEL.,
LIBBY GOSLETT, MAREE PEARCE, and
YVONNE McCONNON BOURGEOIS

    Defendants.

**NOTICE of INTENT TO PROCEED *PRO-SE***

FILED by PG D.C.
JUL 01 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D of FLA. - MIAMI

---

    Pursuant to the attached order, granting plaintiff counsel's motion to withdraw as counsel, which was signed by United States District Judge, Honorable, Cecilia M. Altonaga, on June 16, (17) 2015, I, Debra Grimaldo, plaintiff in the above entitled matter, being unable, thus far, to retain new counsel, and, to avoid dismissal of this action within fourteen (14) days of plaintiff counsel's service of said order, mailed on June 17, 2015, ( envelope attached) and, received on June 22, 2015, I hereby timely file notice of intent to proceed *pro se,* notwithstanding my service of opposition to plaintiff counsel's motion, (attached), mailed on June 22, 2015, to the Court, plaintiff counsel, and both appearing defendant counsel at the address listed below.

    Please note that plaintiff counsel's letter , dated June 17, 2015,(attached) provided with the service of the above mentioned order, notifies me that I "have fourteen

(14) days from today", ( June 17, 2015), to either retain new counsel, or file a notice of intent to proceed *pro se,* in order to avoid dismissal of my case. However, the actual order describes the time period as, "fourteen (14) days of service of this Order," which allows an additional five (5) days from the date of mailing. I am mailing this notice of intent thirteen (13) days after the date of plaintiff counsel's mailing.

To the best of my knowledge, the Court's consideration of my opposition remains pending.

Dated :      Bayport, New York
             June 29, 2015

                                                   Very truly
                                                   *[signature]*
                                                   Debra Grimaldo, plaintiff
                                                   10 Saltmeadow Ct
                                                   Bayport, NY 11705
                                                   hearsayole2@aol.com


Served on June 30, 2015, by regular mail
deposited in USPS, Bayport, NY 11705
( tracking #s noted below)


Lipcon, Margulies, Alsina & Winkleman P.A.
One Biscayne Tower, Siute 1776
2 South Biscayne Blvd.
Maimi, Florida 33131
305-373-3016 fax  373-6204

Forman, Friedman,PA
One Biscayne Tower, Suite 2300
2 South Biscayne Blvd.
Maimi FL 33131
(305) 358-6555 fax    374-9077

Fowler White Burnett P.A.

Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Ave.
Miami, Florida 33131
305 789 9259, fax 789 9201

Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Ave.
Miami, Florida 33131
305 789 9259, fax 789 9201

Case 1:14-cv-22882-CMA   Document 65   Entered on FLSD Docket 07/01/2015   Page 4 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22882-CIV-ALTONAGA/O'Sullivan

DEBRA GRIMALDO,

    Plaintiff,

vs.

CARNIVAL CORPORATION, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Lipcon, Margulies, Alsina & Winkleman, P.A.'s Corrected Motion to Withdraw as Plaintiff's Counsel ("Corrected Motion") [ECF No. 59], filed June 16, 2015. Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1. The Corrected Motion **[ECF No. 59]** is **GRANTED**. The original filed motion to withdraw **[ECF No. 58]** is **DENIED as moot**.

2. Within 24 hours of the entry of this Order, withdrawing counsel shall send to Plaintiff's last known address(es) a copy of this Order and file a notice with the Court certifying same.

3. Upon doing so, counsel for Plaintiff shall be relieved of all further responsibilities in these proceedings. Plaintiff, Debra Grimaldo shall, within fourteen (14) days of service of this Order, either: (a) retain new counsel, and new counsel shall file a notice of appearance, or (b) file a notice of intent to proceed *pro se*. Failure to do either will result in a dismissal of this action without further notice.

CASE NO. 14-22882-CIV-ALTONAGA

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of June, 2015.

*[signature]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Law Offices of
Lipcon, Margulies, Alsina & Winkleman, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, FL 33131

1170522064

Debra Grimaldo
10 Saltmeadow Court
Bayport, NJ 11705

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO. 14-22882 CIVIL- HON. ALTONAGA/O'Sullivan

DEBRA GRIMALDO,

    Plaintiff

    v.

CARNIVAL CORPORATION,
DR. SERGEY DAVYDENKOV, DR. GEORGE NEL.,
LIBBY GOSLETT, MAREE PEARCE, and
YVONNE McCONNON BOURGEOIS

    Defendants.

---

### PLAINTIFF, DEBRA GRIMALDO'S OPPOSITION TO MOTION TO WITHDRAW AS PLAINTFF'S COUNSEL

Debra Grimaldo, plaintiff in the above entitled matter, respectfully requests that the Order signed on June 17, 2015, allowing my counsel to withdraw be reconsidered and reversed upon the following :

Withdrawal of counsel in this instant matter can not be accomplished without material adverse effect upon my, the client's interests. The Court is aware that actions in negligence against a cruise line, and individual medical personnel are specialized. Not many attorneys have the qualifications or experience in federal practice, maritime law, obtaining jurisdiction over foreign defendants, and other areas of law required to

handle such a case. There is a limited pool of firms remaining to takeover my case. Those firms are all located in the same small area of Miami, where present counsel maintains office. I have contacted a some firms, not one was willing to take my case.

For example, one prospective counsel, Mr. Brett Rivkind, of Rivkind & Margulies, in a response email, wrote " I know Mr. Lipton and I believe you are in good hands". In a later phone call, Mr. Rivkind urged me to do whatever I can to keep Mr. Lipcon as counsel. I received the same response from all contacted. Very few firms are left to contact. I do intend on contacting them all , and only put my search on hold to respond to counsels motion to withdraw. If I can not find an attorney from the remaining firms not already contacted, I will have no representation.

I myself, am an attorney. However, I can not represent myself. I am not admitted in Federal Court. I have no knowledge of maritime law, service on foreign defendants, and all the other specialized areas of law required to represent this matter. Finally, I have a brain injury ( resulting from defendant's negligence, which is the subject of my action). I have lost many of the skills I once had. I have a loss of executive function and short term memory. The simplest tasks can now take hours, sometimes days. I have difficulty making decisions, and even more difficulty remembering what decision I did make. In addition, I have other physical damages from the same event. I was not able to prepare this opposition with out assistance.

Should I be unable to obtain new counsel from the few firms left to contact, I will have no choice but to continue pro se. In which case, I will be without effective counsel.

Counsel, Lipcon, did voice concerns about the relation between my resulting injuries and damages to the negligence on the part of Carnival Cruise line. The doctor and medical staff were negligent in that they did not provide a transfusion when, my blood Hgb fell to the dangerously low level of 4.4, as evidenced by their own testing, and found that I was "fit to fly", which caused brain damage due to lack blood and oxygen. ( attached Carnival Cruise patient notes). I did provide the proofs. I do have, and did provide medical proof and opinion supporting this claim by way of PET-CT scan, MRI, and comparison with earlier studies, showing no prior injury. I have, and did provide, notes from my Neurologist, and Neuropsychological testing supporting this opinion and verifying damage.

Counsel, Mr. Winkleman, for Lipcon, voiced concern that the value of my case was lower than expected, and the cost to prosecute would be 25-40% of the estimated value of the case. To wit, I responded, that I would be happy with less, so long as the award/settlement, covered his expenses, allowed me some amount to at least off set the work I lost. But most of all, provide a statement, however small, that Carnival Cruise can not continue to operate with such disregard to their customers, and continue to operate unchecked.

For the reasons above, I respectfully request that counsel's motion to withdraw, and this Court's Order granting same, be reconsidered and reversed.

Dated :   Bayport, New York

June 20, 2015

Very truly

Debra Grimaldo, plaintiff
10 Saltmeadow Ct
Bayport, NY 11705
hearsayole2@aol.com

Served on June 22, 2015, by regular mail
deposited in USPS, Bayport, NY 11705
( and fax) ( tracking #s noted below)


Lipcon, Margulies, Alsina & Winkleman P.A.
One Biscayne Tower, Siute 1776
2 South Biscayne Blvd.
Maimi, Florida 33131
305-373-3016 fax  373-6204

Forman, Friedman,PA
One Biscayne Tower, Suite 2300
2 South Biscayne Blvd.
Maimi FL 33131
(305) 358-6555 fax    374-9077

Fowler White Burnett P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Ave.
Miami, Florida 33131
305 789 9259, fax 789 9201

Law Offices
# LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

One Biscayne Tower, Suite 1776
Two South Biscayne Boulevard
Miami, Florida 33131

| TEL | 305-373-3016 |
|---|---|
|  | 800-838-2759 |
| FAX | 305-373-6204 |
| WEB | www.lipcon.com |

Ricardo V. Alsina
Jacqueline Garcell
Charles R. Lipcon
Jason R. Margulies
Carlos F. Llinás Negret
Peter J. Ridge
David A. Villarreal
Michael A. Winkleman

June 17, 2015

**Via E-mail & U.S. Mail**
Debra Grimaldo
10 Saltmeadow Court
Bayport, NJ 11705

Re: **Grimaldo v. Carnival Corp., et al.**
Case No. 14-22882-CIV-Altonaga/O'Sullivan

Dear Ms. Grimaldo:

Please be advised that the Court entered an Order granting our Motion to Withdraw today. (A copy of the Order is attached hereto and was also sent via email to you.)

Pursuant to the Order, you have fourteen (14) days from today to either: (a) retain new counsel and have such new counsel file a notice of appearance, or (b) file a notice of intent to proceed pro se. Failure to do either will result in a dismissal of your case without further notice.

Very truly yours,

MICHAEL A. WINKLEMAN
Enclosure